1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ALVILEN DUKE,<br><br>    Petitioner,<br><br>    v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | No. CV 14-1055-GHK (PLA)<br><br>**ORDER TO SHOW CAUSE RE LACK OF EXHAUSTION** |

        On February 11, 2014, petitioner, who is currently in state custody, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (the "Petition"), using a California State Court form.[1] In his Petition, petitioner challenges his 2012 conviction in the Los Angeles County Superior Court under California Penal Code § 273.5. (See Petition at "2 of 7"). Petitioner attached a "Request to Supplement Petition for Habeas Corpus" (the "Request"). For the reasons expressed below, it appears that the instant Petition is unexhausted.

---

    [1] Local Rule 83-16.1 requires that a petition for writ of habeas corpus "be submitted on the forms approved and supplied by the Court." Habeas forms are a procedural device which significantly aid the Court in processing the numerous habeas petitions presented to the Court. The habeas form used by the Central District of California is designed to aid petitioner to present the relevant information regarding his habeas claim(s) in a "simple, concise, and direct" manner, as required by Fed. R. Civ. P. 8(d). In failing to submit a habeas form approved by this Court, petitioner failed to follow Local Rule 83-16.1.

1       As a matter of comity, a federal court will not entertain a habeas corpus petition unless the
2 petitioner has exhausted the available state judicial remedies on every ground presented in the
3 petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The
4 habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall
5 not be granted unless it appears that -- (A) the applicant has exhausted the remedies available
6 in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii)
7 circumstances exist that render such process ineffective to protect the rights of the applicant." 28
8 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived
9 expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

10       Exhaustion requires that petitioner's contentions be fairly presented to the state supreme
11 court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119
12 S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000).
13 Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by
14 invoking one complete round of the State's established appellate review process" in order to
15 exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the
16 prisoner has described in the state court proceedings both the operative facts and the federal legal
17 theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887,
18 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438
19 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dep't of Corr., 20
20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017
21 (9th Cir. 2000). State remedies are not exhausted if an appeal or petition for post-conviction relief
22 is still pending in state court. Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (if petitioner
23 has a pending state appeal, he "must await the outcome of his appeal before his state remedies
24 are exhausted"); Schnepp v. Oregon, 333 F.2d 288, 288 (9th Cir. 1964) (per curiam) (state
25 remedies are unexhausted where a petition for post-conviction relief is still pending in state court).
26 Petitioner has the burden of demonstrating that he has exhausted available state remedies. See,
27 e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).
28

1       Here, it appears that petitioner has not exhausted his state judicial remedies in connection
2  with this matter. (See Petition at 2; Request at 1). Petitioner states in his Petition that he has a
3  "petition, appeal, or other matter pending" in the California Court of Appeal, Second Appellate
4  District. (See Petition at "7 of 7"). Moreover, petitioner indicates that he has not filed any habeas
5  petitions in state court with respect to the subject judgment. (Petition at "7 of 7"). As the instant
6  Petition appears to be unexhausted, it is subject to being dismissed without prejudice. Greenawalt
7  v. Stewart, 105 F.3d 1268, 1271, 1273-75 (9th Cir. 1997).

8       Further, a petitioner seeking habeas corpus relief must name the state officer having
9  custody of him or her as the respondent to the Petition. See Rule 2(a), Rules Governing Section
10 2254 Cases in the United States District Courts. This person typically is the warden of the facility
11 in which the petitioner is incarcerated. Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th
12 Cir. 1994); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) (explaining
13 that a federal habeas petitioner's immediate custodian is the only party that can actually produce
14 "the body" of the petitioner); Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) (holding that
15 where a prisoner files a § 2241 petition challenging the manner of execution of his sentence, the
16 "prisoner must name the warden of the penitentiary where he is confined as respondent"). See
17 also Ortiz-Sandoval v. Gomez, 81 F.3d 891, 895-96 (9th Cir. 1996), as amended (holding that
18 California Director of Corrections may, under certain circumstances, be properly named as a
19 respondent in a habeas action). Failure to name the correct respondent deprives federal courts
20 of personal jurisdiction. Stanley, 21 F.3d at 360; Dunne, 875 F.2d at 249. As the current petition
21 does not name the proper respondent for a habeas proceeding, this Court lacks jurisdiction to
22 entertain the action.

23      For the foregoing reasons, **no later than March 13, 2014**, petitioner is ordered to show
24 cause why the Petition should not be dismissed without prejudice for failure to exhaust state
25 remedies and for failure to name a proper respondent. Filing by petitioner of an Amended Petition
26 clearly showing that petitioner has exhausted his state judicial remedies and naming a proper
27 respondent shall be deemed compliance with this Order to Show Cause. **Petitioner is advised**
28

3

**that his failure to timely respond to this Order will result in the action being dismissed for lack of exhaustion, as well as for failure to prosecute and follow Court orders.**

Petitioner's Request is **denied** as moot.

The Court Clerk is directed to send petitioner a copy of his current Petition, together with blank copies of the forms required when filing a Petition for Writ of Habeas Corpus by a Person in State Custody. Any Amended Petition or other filing with the Court shall use the case number assigned to this action.

DATED: February 20, 2014

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

4