1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

ALVILEN DUKE,

            Petitioner,

    v.

GREG LEWIS, Warden,

            Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

No. CV 14-1055-GHK (PLA)

**ORDER DISMISSING PETITION FOR LACK OF EXHAUSTION**

On February 11, 2014, petitioner, who is currently in state custody, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (the "Petition"). In his Petition, petitioner challenges his 2012 conviction in the Los Angeles County Superior Court under California Penal Code § 273.5. (See Petition at "2 of 7"). Petitioner attached a "Request to Supplement Petition for Habeas Corpus" (the "Request"). On February 20, 2014, because petitioner indicated that he had a "petition, appeal, or other matter pending" in the California Court of Appeal, Second Appellate District (see Petition at "7 of 7"), the Magistrate Judge ordered petitioner to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state remedies.

On March 17, 2014, petitioner filed a response ("Response"), in which he appears to assert that he is relying on the "deliberate bypass standard" to get around the requirement to exhaust. (Response at 1). Petitioner additionally appears to argue, through citation to various cases, that

1  his grounds for relief are not procedurally defaulted.  (See Response at 2-4, citing, e.g., Murray

2  v. Carrier, 477 U.S. 478 (1986)).

3       As a matter of comity, a federal court will not entertain a habeas corpus petition unless the

4  petitioner has exhausted the available state judicial remedies on every ground presented in the

5  petition.  Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).  The

6  habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall

7  not be granted unless it appears that -- (A) the applicant has exhausted the remedies available

8  in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii)

9  circumstances exist that render such process ineffective to protect the rights of the applicant."  28

10  U.S.C. § 2254(b)(1).  Moreover, if the exhaustion requirement is to be waived, it must be waived

11  expressly by the state, through counsel.  See 28 U.S.C. § 2254(b)(3).

12       Exhaustion requires that petitioner's contentions be fairly presented to the state supreme

13  court even if that court's review is discretionary.  O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119

14  S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000).

15  Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by

16  invoking one complete round of the State's established appellate review process" in order to

17  exhaust his claims.  O'Sullivan, 526 U.S. at 845.  A claim has not been fairly presented unless the

18  prisoner has described in the state court proceedings both the operative facts and the federal legal

19  theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887,

20  130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438

21  (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dep't of

22  Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek,

23  218 F.3d 1017 (9th Cir. 2000).  Petitioner has the burden of demonstrating that he has exhausted

24  available state remedies.  See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

25       Here, it is clear that petitioner has an appeal of his criminal conviction pending in the

26  California Court of Appeal.  (See Petition at "7 of 7"; California Appellate Courts Case Information

27  website at http://appellatecases.courtinfo.ca.gov).  Despite petitioner's assertion that he is relying

28  on the "deliberate bypass standard" (Response at 1), it is not clear how such a claim relates to

1  petitioner's still-pending direct appeal in the California Court of Appeal, or how that "standard"

2  would entitle him to proceed in federal court without first exhausting his state remedies. See, e.g.,

3  Humphrey v. Cady, 405 U.S. 504, 517, 92 S.Ct. 1048, 1056, 31 L.Ed.2d 394 (1972) ("a federal

4  habeas judge may in his discretion deny relief to an applicant who has deliberately bypassed the

5  orderly procedure of the state courts, on the ground that in so doing he has forfeited his state court

6  remedies.") (emphasis added).  Additionally, while the authority cited in petitioner's Response

7  dealing with the issue of procedural default may have some bearing on the merits of the grounds

8  for relief contained in his Petition, it does not appear to the Court to be responsive to the

9  Magistrate Judge's Order to Show Cause, nor does it suggest any basis by which petitioner could

10  circumvent the exhaustion requirement. Petitioner does not contest that he is currently exhausting

11  his appeal through the state process for appealing criminal convictions.  Moreover, petitioner

12  indicates that he has not filed any habeas petitions in state court with respect to the subject

13  judgment.  (Petition at "7 of 7").  As the instant Petition is unexhausted, it is subject to being

14  dismissed without prejudice.  Greenawalt v. Stewart, 105 F.3d 1268, 1271, 1273-75 (9th Cir.

15  1997).

16       In light of the foregoing, the Court finds that it is appropriate to dismiss the Petition for lack

17  of exhaustion.  IT IS THEREFORE ORDERED that this action is **dismissed without prejudice**.

18

19  DATED: March 21, 2014

20                                        _____
                                          HONORABLE GEORGE H. KING
                                          CHIEF UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

3